IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                   No. CR 19-0755 JB

DONALD SANCHEZ-MATTHEWS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Motion for Downward Departure and Variance, filed September 20, 2021 (Doc. 97)("Sentencing Objection"). The primary issue is whether Defendant Sanchez-Matthews used or possessed a firearm in connection with another felony offense, thus justifying a 4-level sentencing enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(6)(B), when he possessed a stolen handgun while stealing a vehicle. The Court concludes that the United States does not prove by a preponderance of the evidence that Sanchez-Matthews' firearm possession facilitated or emboldened his stolen vehicle possession. Consequently, the Court will sustain Sanchez-Matthews' objection in the Sentencing Objection.

On March 13, 2019, a Grand Jury returned an indictment charging Sanchez-Matthews with a violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. See Indictment, filed March 13, 2019 (Doc. 4). On June 27, 2019, a Superseding Indictment was filed, charging Sanchez-Matthews with the same felon in possession offense, but listing two additional felony convictions. See Superseding Indictment, filed June 27, 2019 (Doc. 24). On October 17, 2019, Sanchez-Matthews pled guilty to the felon in possession offense as charged in the Superseding

Indictment, pursuant to a rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure plea agreement.  See Plea Agreement, filed October 17, 2019 (Doc. 52).  In the Plea Agreement, Sanchez-Matthews admits:

> On November 25, 2018, in Bernalillo County, in the District of New Mexico, I had a black and silver, Smith and Wesson, SV9VE, 9 mm caliber pistol Serial Number FYC4268, in my possession in Bernalillo County, within the District of New Mexico.  I am now aware that the firearm functioned as designed and was not manufactured in New Mexico.  Therefore the gun had to travel in interstate commerce before I knowingly possessed that firearm on November 25, 2018 in, Bernalillo County New Mexico.  Prior to that date, I was aware had [sic] been convicted of Uttering a Forgery, a felony crime.

Plea Agreement ¶ 9, at 4.

The United States Probation Office ("USPO") prepared a Presentence Investigation Report, filed February 19, 2020 (Doc. 61)("PSR").  The PSR found that, on November 25, 2018,[1]

> authorities with the Albuquerque Police Department (APD) observed a red Chevrolet pickup traveling in Albuquerque, New Mexico. Authorities ran the license plate on the vehicle, which was returned as stolen.  Detectives followed the vehicle and engaged their emergency equipment, at which time the driver, later identified as the defendant, exited the vehicle and fled on foot away from authorities.

PSR ¶ 9, at 4.  "Authorities verified the pickup was stolen.  Additionally, authorities verified the handgun . . .was reported as stolen."  PSR ¶ 12, at 5.  Accordingly, the PSR recommends a 4-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for Sanchez-Matthews "possess[ing] any firearm or ammunition in connection with another felony offense."  PSR ¶ 21, at 6.  The PSR does not specify what other felony offense Sanchez-Matthews committed while committing the firearm offense for which he is being sentenced.  See PSR at 4-5.

---

[1]The original PSR lists the date of the offense as August 25, 2018.  See PSR ¶ 9, at 4.  The USPO submitted its Second Addendum to the Presentence Report, filed October 1, 2021 (Doc. 100), correcting the date of the stolen firearm offense for which the Court is sentencing Sanchez-Matthews to November 25, 2018.

Sanchez-Matthews objects to the PSR's recommendation that the 4-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) should apply, because, Sanchez-Matthews argues, he did not possess a firearm in connection with another felony. See Sentencing Objection at 1-2. Specifically, Sanchez-Matthews argues:

> Nothing in the PSR indicates how this firearm was used in connection with or in furtherance of any other felony. The defendant was in possession of a stolen vehicle, a stolen firearm, and fled from law enforcement. At no time was this firearm used to actually further any of these offenses.

Sentencing Objection at 2. Sanchez-Matthews does not object to the underlying facts in the PSR. See Sentencing Objection at 1-2. In response, the United States contends: "Defendant's possession of a firearm coincided with and emboldened his commission of one other felony offense . . . , that being possession of a stolen motor vehicle under New Mexico state statutes." United States' Sealed Response to Defendant's Objections to the Presentence Report and Sentencing Memorandum, at 3, filed October 4, 2021 (Doc. 103)("Response").

United States Sentencing Guideline § 2K2.1(b)(6)(B) provides: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." Application Note 14(C) specifies: "'Another felony offense', for purposes of subsection (b)(6)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(C). Further, Application Note 14(A) clarifies that § 2K2.1(b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(A). The United States Court of Appeals for the Tenth Circuit has explained: "The plain and commonly understood meaning of 'facilitate' is to make easier." United States v. Marrufo, 661 F.3d 1204, 1207 (10th Cir. 2011). "The relevant inquiry is not whether [the

defendant's] handgun possession caused the felony offense, but whether it 'ma[d]e easier,' United States v. Marrufo, 661 F.3d at 1207, or 'embolden[ed],' United States v. Justice, 679 F.3d [1251,] 1255 [(10th Cir. 2012)], the offense." United States v. Ortiz, 457 F. Supp. 3d 1129, 1142 (D.N.M. 2020)(Browning, J.).  Moreover, "[t]he Tenth Circuit has held on several occasions that physical proximity between a weapon and narcotics can be sufficient to satisfy § 2K2.1(b)(6)." United States v. Gross, No. CR 16-0454 JB, 2016 WL 9021829, at *14 (D.N.M. Dec. 16, 2016)(Browning, J.)(citing United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998); United States v. Gomez-Arrellano, 5 F.3d 464, 467 (10th Cir. 1993)).  In United States v. Justice, the Tenth Circuit reasoned that,

> when the defendant is out and about, with drugs on his person and a loaded firearm within easy reach, one can infer that the proximity of the weapon to the drugs is not coincidental and that the firearm "facilitated, or had the potential of facilitating" the drug offense by emboldening the possessor.

679 F.3d at 1256.  In United States v. Pacheo, No. CR 13-2643 JB, 2014 WL 3421063, at *13 (D.N.M. July 8, 2014)(Browning, J.), the Court applied the § 2K2.1(b)(6)(B) enhancement where the defendant was operating an automobile theft operation at his place of business and had several firearms locked away in a trailer.  See United States v. Pacheo, 2014 WL 3421063, at *13.  The Court noted: "Although it may have taken some work for Pacheco to retrieve the firearms, the standard does not require immediate access to the firearms, so long as the firearms have the potential of facilitating another felony offense or another offense." United States v. Pacheo, 2014 WL 3421063, at *13.  In United States v. Pacheo, however, the Court ultimately upheld the enhancement's application, because the firearms were found in close proximity to narcotics, and the connection of the firearm with drug trafficking offenses was enough to justify application of the enhancement.  See 2014 WL 3421063, at *13.  The Tenth Circuit has been clear that a firearm's proximity to drug trafficking justifies § 2K2.1 (b)(6)(B)'s application.

It is not obvious to the Court, however, that possession of a firearm during automobile theft alone is enough to support enhancement's application. The United States Court of Appeals for the Ninth Circuit has reasoned that, "to the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated -- i.e., had some potential emboldening role in-a defendant's felonious conduct." United States v. Routon, 25 F.3d 815, 819 (9th Cir. 1994). In United States v. Routon, the Ninth Circuit concluded that the 4-level sentencing enhancement should apply where the defendant's "efforts to maintain the accessibility of his gun whenever he used" his stolen car "permit the inference that the gun emboldened him to continue his illegal conduct." 25 F.3d at 819. Moreover, "[n]ot only did Routon bring the gun with him whenever he rode in the car, but he also kept it within a short distance of him when he was driving." United States v. Routon, 25 F.3d at 819.

Here, the undisputed facts are that Sanchez-Matthews possessed a firearm while in possession of a stolen vehicle. Neither the PSR nor the United States, however, proffers any further allegations regarding Sanchez-Matthews' use of the firearm with respect to the stolen vehicle possession. The PSR does not allege that Sanchez-Matthews' firearm possession in any way "emboldened" him to possess the stolen vehicle, nor does it allege that Sanchez-Matthews' possession of the firearm facilitated Sanchez-Matthews' possession of the stolen vehicle. The Court agrees with the Ninth Circuit that, where the United States relies on physical possession, it must demonstrate that the inference that the firearm emboldened Sanchez-Matthews or facilitated his stolen vehicle possession is warranted. The Court concludes that, without more, the mere possession of a stolen car and possession of a firearm is not sufficient to justify the application of § 2K2.1 (b)(6)(B). The United States does not set forth any evidence that Sanchez-Matthews'

firearm possession emboldened him or facilitated his stolen vehicle possession. Because the United States does not prove by a preponderance of the evidence that Sanchez-Matthews possessed a firearm in connection with another felony offense, the Court will sustain Sanchez-Matthews sentencing objection.

**IT IS ORDERED** that the objection in the Defendant's Sentencing Memorandum and Motion for Downward Departure and Variance, filed September 20, 2021 (Doc. 97), is sustained.

                        _____
                        UNITED STATES DISTRICT JUDGE

*Counsel*:

Fred Federici
  Acting United States Attorney
Timothy Dale Trembley
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Roger J. Schwartz
Santa Fe, New Mexico

    *Attorney for the Defendant*